IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Criminal Action No. 3:05CR72-02

KATHY WATSON,

       Defendant.

**REPORT AND RECOMMENDATION THAT LETTER MOTION DOCKETED AS
MOTION FOR COMMUNITY CORRECTIONS PLACEMENT UNDER SECOND
CHANCE ACT BE DENIED**

I. <u>Introduction</u>

A.    <u>Background</u>

Defendant was the second of two defendants in a two count indictment charging this

defendant in the second count with destroying documents with intent to impair use of the documents

in an official proceeding in violation of 18 U.S.C. 1512(1) and 2.

B.    <u>The Motion</u>

Letter Motion Docketed as Motion for Community Corrections Placement Under

Second Chance Act.[1]

C.    <u>Recommendation</u>

I recommend the motion be denied because this Court does not have jurisdiction to

give credit for completion of the Residential Drug Abuse Treatment Program (RDAP) or place

defendant in a community corrections center (CCC).

---

[1] Doc. No. 150.

## II.  Facts

Defendant pleaded guilty to Count Two of the indictment April 12, 2006.  Defendant was sentenced to 41 months incarceration and three years supervised release on August 20, 2007. Defendant filed this Motion for Community Placement Under the Second Chance Act May 27, 2008. Defendant represents she has successfully completed the Residential Drug Abuse Treatment Program (RDAP).

## III.  The Motion

### A.  Contentions of the Parties

Defendant seeks placement in a community corrections center (CCC) (now known as a residential re-entry center (RCC) and formerly known as a halfway-house, which, as my father used to say, proves there are a lot of people who don't have enough work to do if they do nothing but change the names of facilities which are essentially unchanged).  Defendant initially requested placement in a CCC for twelve months if her Motion for Reduced Sentence (Doc. No. 151) was denied (it was denied July 10, 2008).

The Government contends pre-release custody is for a maximum period of six months.  The Government also contends the defendant meets none of the provisions which would allow the Court to modify a term of imprisonment previously imposed.

### B.  Discussion

18 U.S.C. 3624(c) provides as follows:

**(c) Pre-release custody**

**(1) In general**. - - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner

a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community.  Such conditions may include a community correctional facility.

Therefore, any prisoner who is eligible may be placed in a community corrections center, now known as an RRC, for a maximum period of twelve months.

18 U.S.C. §§ 3621(b) and (e) clearly state that determining which prisoners are eligible for substance abuse treatment is within the sole discretion of the BOP, as is the decision to reduce a prisoner's sentence by up to one-year upon the successful completion of such programs.  Moreover, pursuant to 18 U.S.C. § 3625, Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ("APA").  See Davis v. Beeler, 966 F.Supp. 483, 489 (E.D. Ky. 1997).  Section 3625 states: "[t]he provisions of section 554 and 555 and 701 through 706 of Title 5, United States Code do not apply to the making of any determination, decision, or order under this subchapter.[2]  Therefore, the Court has no jurisdiction to decide what reduction of defendant's sentence, if any, would be appropriate because she completed the RDAP program.  That decision is solely within the discretion of the BOP.

To the extent that the Petitioner seeks an Order from the Court directing that he be granted the full six months halfway house placement, that is simply not relief that this Court is capable of granting.  See Woodall v. Federal Bureau of Prisons, 432 F.3d at 251 ("that the BOP may assign a prisoner to a CCC does not mean that it must"); see also Crahan v. Adams, 2004 WL 4020190 * 17 (S.D. W.Va. June 28, 2004) (federal prisoners have no right under § 3621(b) to placement in a

---

[2]Pursuant to 5 U.S.C. §§ 701 and 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute is entitled to judicial review thereof," except to the extent that a statute precludes judicial review.

halfway house for the full six months).[3]  Therefore this Court has no jurisdiction to order the BOP

to place defendant in a CCC for any period of time.  That is solely within the discretion of the BOP.

      C.     <u>Recommendation</u>

        I recommend the motion be denied because this Court does not have jurisdiction to

give credit against a sentence for completion of the Residential Drug Abuse Treatment Program

(RDAP) or place defendant in a community corrections center (CCC).

        Any party who appears pro se and any counsel of record, as applicable, may, within ten (10)

days from the date of this Report and Recommendation, file with the Clerk of the Court the written

objections identifying the portions of the Report and Recommendation to which objection is made,

and the basis for such objection.  Failure to timely file objections to the Report and Recommendation

set forth above will result in waiver of the right to appeal from a judgment of this Court based upon

such Report and Recommendation.

        The Clerk of the Court is directed to provide a copy of this Report and Recommendation to

parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative

Procedures for Electronic Case Filing in the United States District Court for the Northern District

of West Virginia.

        DATED:  August 18, 2008

                          /s/ *James E. Seibert*

                          JAMES E. SEIBERT
                          UNITED STATES MAGISTRATE JUDGE

---

[3] Until the amendments in the Second Chance Act, the maximum term of CCC placement was six months or 10% of the sentence.  The maximum term is now twelve months.